Mabel Bugh JOHNSON et al.,
Plaintiffs-Appellants,

v.

STEPHENS DEVELOPMENT CORPO-
RATION et al., Defendants-Appellees.

No. 75–1077
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises Inc. v. Citizens Casualty Co. of New York* et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Hal Haralson, Austin, Tex., for J. H. Wofford and James L. Parks.

Norman C. Russell, Texarkana, Tex., for defendants-appellees.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiffs are purchasers of lots in a subdivision development known as Kings Country located on Lake Cypress Springs, Texas. The defendants are the developer of the subdivision, its principal stockholder, and its manager. Plaintiffs sued for damages on two theories: that the registration requirements for real estate subdivisions under the Interstate Land Sales Full Disclosure Act (HUD Act), 15 U.S.C. §§ 1701 *et seq.*, were not complied with; and that defendants committed fraud under both the HUD Act and Texas Business & Commerce Code § 27.01 by misrepresenting facts and making false promises with regard to future improvements at Kings Country.

Plaintiffs claimed that defendants misrepresented that a master plan existed, and falsely promised, without intending to keep the promise, that there would be built a golf course, country club, olympic swimming pool, chapel, full service marina, arch-ery range, offshore club, camp grounds and asphalt boulevards.

At trial, the jury found for the defendants under both the HUD Act and the Texas Business Code. The court then instructed the jury to consider damages under the HUD Act. The jury found that plaintiffs had not suffered damages. Plaintiffs' motion for judgment n.o.v. was denied.

■ Appellees have moved to dismiss the appeal of Marshall and Carolyn Warren, who were among the purchasers of lots in Kings Country and were among the plaintiffs in the suit below. The Warrens have since sold their lot to appellee Stephens Development Corp. and executed a release which specified that they be dismissed as appellants. Hal H. Haralson, attorney for appellants, filed in this court his written opposition to the motion, claiming that the attorney-client contract between him and the Warrens operated as an assignment to him of a portion of any recovery they might receive and contemplated that the Warrens would remain parties to the suit unless mutually agreed. He declined to agree to the dismissal. Other purchasers remain as appellants if the Warrens are dismissed.

■ The motion to dismiss must be granted. The attorney-client contract does not purport to assign any interest to Haralson. Assuming that a lien by Haralson would give him standing to oppose dismissal, we look to Texas law to see if he has a lien. He does not. 7 Tex.Jur.2d Rev. Part 1, Attorneys at Law § 111, 171–72, 175.[1]

■ The trial judge did not err in refusing to grant a judgment n.o.v. on the issue of fraud. There was adequate evidence to submit this issue to the jury. Considering the jury charge as a whole there was no error with respect to the charge on material misrepresentation.[2] There was no

---

1. Haralson and Norman C. Russell, attorney for appellees, have engaged in a dispute concerning the circumstances under which the Warrens sold back their lot and executed a release. This collateral matter is the subject of a contemporaneous unpublished order of the court.

2. Even assuming that there was proper objection, Counsel appeared to object but concluded by saying "I don't think there is a substantial problem here."

reversible error in limiting testimony of plaintiffs' expert concerning comparable properties.

█ The evidence is clear that appellees did not comply with the filing requirements of the Interstate Land Sales Full Disclosure Act. Plaintiffs' motion for a judgment n.o.v. on this claim should have been granted. Since, however, the jury found that plaintiffs suffered no damages plaintiffs were entitled to only judgment for nominal damages and costs.

15 U.S.C. § 1709 provides:

(c) The suit authorized under subsection (a) or (b) of this section may be to recover such damages as shall represent the difference between the amount paid for the lot and the reasonable cost of any improvements thereto, and the lesser of (1) the value thereof as of the time such suit was brought, or (2) the price at which such lot shall have been disposed of in a bona fide market transaction before suit, or (3) the price at which such lot shall have been disposed of after suit in a bona fide market transaction but before judgment.

\*    \*    \*    \*    \*    \*

(e) In no case shall the amount recoverable under this section exceed the sum of the purchase price of the lot, the reasonable cost of improvements, and reasonable court costs.

The alternative verdict on the issue of damages said: "We, the jury, find for the Plaintiffs and against the Defendants under the Interstate Land Sales Full Disclosure Act and assess damages as follows[.]" Following this was a schedule listing the plaintiffs and the lot(s) purchased by each. For the lot or lots of each plaintiff the jury entered a dollar figure designated as "Total cost of lots and reasonable improvements thereon," and another dollar figure desig-

nated as "Total value of lots and reasonable improvements thereon on July 6, 1973." In each instance the "cost" dollar figure and the "value" dollar figure were the same. Thus the jury quite plainly showed that no plaintiff suffered any damage as described in § 1709(c). We have no doubt, however, that plaintiffs were entitled to nominal damages. They were entitled to vindication for failure of defendants to abide by the HUD Act though the failure produced no actual present monetary loss to them. The private suit provisions of the Act are but one of the enforcement means provided to implement a statutory scheme that provides for developers registering land subdivisions with the Secretary of HEW by filing a statement of record containing a wealth of information significant to all potential purchasers, 15 U.S.C. § 1704–06, and furnishing to each purchaser a property report containing some or all of the data filed with the Secretary, 15 U.S.C. §§ 1707, and 1703.[3] The suit by private plaintiffs is not analogous to the common law suit for negligence where the cause of action does not arise until there is harm to the victim. There, damages being part of the cause of action, nominal damages are inappropriate.

AFFIRMED in part, REVERSED in part, and REMANDED to the District Court for entry of a judgment in favor of plaintiffs for nominal damages and costs.

---

3. Note that § 1709(a) provides for suit at law or in equity.